IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

REBECCA REUSCH,

      Plaintiff,

v.                                    Case No.    18-cv-6679

LA CAUSA, INC.,                                          Jury Demanded

      Defendant.

## COMPLAINT

Plaintiff, Rebecca Reusch ("Plaintiff"), by her legal counsel, FOX & FOX, S.C., complains of Defendant, La Causa, Inc. ("Defendant"), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and as Plaintiff is alleging violations of the anti-retaliation provision of the False Claims Act, 31 U.S.C. §3730(h), and as amended ("FCA").

2. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as the Defendant is a not-for-profit corporate resident doing business in this judicial district, and as the acts complained of occurred in this district.

### PARTIES

3. Plaintiff is an adult resident of Milwaukee, Wisconsin, who at all relevant times was employed by Defendant, as its Director of Social Services – Youth Programs, from or about February 28, 2018, until her abrupt firing on August 3, 2018.

4. At all relevant times, Defendant, upon information and belief, was a not-for-profit corporation responsible for providing, *inter alia,* various social, welfare, and related support services to children, youth and families, with its principal place of business in Milwaukee, Wisconsin (where Plaintiff was employed), and was a covered employer for purposes of the FCA.

## COUNT I
### (Retaliation In Violation of Section 3730(h) of the FCA)

1. Plaintiff adopts and incorporates paragraphs 1 - 4 above, as paragraph 1 of Count I.

2. Section 3730(h) of the FCA, as amended, provides:

**(h) Relief From Retaliatory Actions**:

**(1) In General.**

Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

**(2) Relief.**

Such relief shall include reinstatement with the same seniority status employee, contractor or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

3. At all relevant times, Plaintiff was harassed, discriminated, retaliated against and/or then discharged from her employment at Defendant because of her good faith efforts to uncover, report, complain, and/or rectify various legal and compliance -related

concerns regarding its government funded Wraparound contract (the "Wraparound Contract") - whereby Defendant receives federal (and state) government funds, for several of its youth programs.

4. Specifically, and at all relevant times, Plaintiff reported, complained, and attempted to rectify what she reasonably believes was Defendant's material, unlawful conduct, including its fraud and abuse by, *inter alia:*

(a) failing to fill the required "full-time clerical position" for each Care Coordination Program;

(b) failing to properly and/or fully pay it clerical staff for contractually required "phone crisis" and related services - thereby resulting in its improper receipt, use and/or retention of federal funds, but also diminished patient care and vital services, as Defendant's Supervisors, Leads, and Care Coordinators were improperly required to undertake additional "clerical" duties which, in turn, hindered their ability to perform their regular duties for their existing caseloads; and

(c) otherwise misusing federal funding, and/or failing to properly provide material, legally required services under its Wraparound Contract, or other government contract(s), for which its receives and retains federal funding.

5. Plaintiff reported, complained and attempted to rectify these issues – both orally and in writing - to various executives and officers of Defendant - including its President and CEO, George Torres ("Torres"), Sylvia Zapata, Chief Financial Officer ("Zapata"), Antionette Steadman, Compliance and Research Specialist ("Steadman"), Sylvia Cortez, Director of Social Services–Adult Programs ("Cortez"), and Jakob Eisen, Programs Administrator–Youth Programs ("Eisen"), but to no avail.

6. In lieu of responsibly addressing or rectifying these concerns, Defendant unlawfully retaliated against Plaintiff by, *inter alia,* improperly harassing, berating, and criticizing her, as well as admonishing her to never raise such concerns again in writing.

7., Plaintiff's working conditions became increasingly hostile, offensive and intolerable, resulting in her constructive discharge and decision on August 1, 2018 to provide Defendant with a 30-day notice of her intent to resign from her position effective August 31, 2018.

8. As a direct result of Plaintiff's legally protected conduct, as alleged above, she was unlawfully harassed, discriminated and retaliated against, and then abruptly discharged from her employment by Torres on August 3, 2018, despite her intention and willingness to continue working through August 31, 2018.

9. As of August 3, 2018, however, Defendant had still failed and refused to properly recruit candidates to fill various required clerical support positions – even though it continued to accept federal funding for same. Defendant also failed to properly document and account for its receipt of said funding, including its failure to provide Plaintiff with such in her capacity as its Director of Youth Programs.

10. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered, and will continue to suffer, substantial losses in her compensation and employment benefits, and has sustained other financial damages and losses.

11. As a further direct and proximate result of Defendant's misconduct, Plaintiff has suffered, and will continue to suffer, *inter alia*, humiliation, emotional distress, anxiety, inherent career loss, and incur attorneys' fees and costs of suit.

12. Defendant's misconduct as alleged above, was willful, intentional and/or in reckless disregard for Plaintiff's federally protected rights.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiff, **Rebecca Reusch,** prays that this Court grant the following relief against Defendant, **La Causa, Inc**.:

A. Award Plaintiff a sum equal to two (2) times the amount of her lost back pay/benefits, and interest thereon, from or about August 3 2018, in an amount to be proven at trial.

B. Reinstatement into her former position with the same seniority status, or alternatively an award of lost front pay and benefits; all in an amount(s) to be proven at trial.

C. Award Plaintiff all special damages to which she is entitled, including for emotional pain, humiliation and anxiety in the amount of $500,000.00, as well as for her career loss/lost earning capacity, all in an amount(s) to be proven at trial.

D. Award Plaintiff her lodestar legal fees, costs of suit, expert fees, and any additional relief that is just and warranted.

**PLAINTIFF REQUESTS A JURY TRIAL**

                                                           **Plaintiff – Rebecca Reusch**

                                                           By: s/Randall B. Gold

                                                           One of Her Attorneys

Randall B. Gold (WI Bar No. 1034435)
Fox & Fox, S.C.
124 West Broadway
Monona, WI 53716
608-258-9588
608-258-9105 (fax)
rgoldlaw@aol.com

**Dated: October 3, 2018**